In the Supreme Court of Georgia

Decided: November 2, 2015

S15A1741. LEWIS v. CHATHAM COUNTY BOARD OF
COMMISSIONERS et al.

MELTON, Justice.

Following the trial court's denial of his request for declaratory judgment and petition for mandamus, Harris Lewis, a Chatham County Probate Court judge appeals, contending that Chatham County violated his right to equal protection under the Georgia Constitution[1] by paying longevity increases to Chatham County magistrate judges that Lewis did not also receive. Because magistrate judges and probate court judges are not similarly situated classes, we affirm.

In summary form, the record shows that, under a local law enacted in 2007, Chatham County set the salaries of both the judges of the Probate Court and the judges of the Magistrate Court as

---

[1] Ga. Const. of 1983, Art. 1, Section 1, Par. II.  "[T]he Georgia clause is generally 'coextensive' with and 'substantially equivalent' to the federal equal protection clause, and . . . we apply them as one." (Citations omitted.) Democratic Party of Georgia, Inc. v. Perdue, 288 Ga. 720, 728 (2) (707 SE2d 67) (2011).

equal to the sum of eighty-percent 80% of the annual salary of a judge of Superior Court as paid by the state plus eighty-percent 80% of the annual amount of any supplement by the governing authority of Chatham County to a judge of the Superior Court, excluding any longevity pay to a judge of the Superior Court pursuant to [State law]. [2]

Until 2013, neither magistrate judges nor probate judges in Chatham County received longevity pay increases.[3] That year, Chatham County, pursuant to advice from the County Attorney's office, extended longevity pay supplements to magistrate judges but not probate judges. Because he believes that he is entitled to the same pay increase, Lewis filed the present action based on equal protection grounds.[4]

In order to maintain an equal protection challenge, however, the challenger must first show that he or she is similarly situated to members of a

---

[2] OCGA § 15-9-63 establishes a statewide minimum pay for probate judges; however, that statute also provides that the salary of probate judges may be set by local act. If the salary set by local act exceeds the salary set under State statute, as it did here, the local act controls.

[3] OCGA § 15-9-65 provides certain longevity pay increases to probate judges; however, these increases are not applicable to judges who receive a salary under local law which exceeds the statewide minimum of OCGA § 15-9-63.

[4] In new local legislation, effective May 12, 2015, all inferior court judges in Chatham County, including probate judges, receive longevity pay based on a uniform method of calculation.

class who are treated differently than he or she is treated. See <u>Mason v. Home Depot U.S.A., Inc.</u>, 283 Ga. 271 (1) (658 SE2d 603) (2008). In this case, then, Lewis must prove that probate judges are similarly situated to magistrate judges for compensation purposes. They are not. As an initial matter, Article VI, Section III, Paragraph I of the Georgia Constitution of 1983 creates magistrate judges and probate judges as separate classes with separate jurisdictions. In addition, Title 15 of the Georgia Code sets forth separate provisions for magistrate courts and probate courts regarding jurisdiction, duties, and qualifications, among other things. Furthermore, it is undisputed that the cases and daily functions of magistrate judges and probate judges are different and distinct. As a result, Lewis's contention that magistrate and probate judges are similarly situated for purposes of equal protection is simply untenable, and, from the outset, it is clear that the trial court properly denied both his request for a declaratory judgment and his petition for mandamus. Lewis's heavy reliance on "class of one" equal protection cases does not alter this result. See, e.g., <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (120 SCt 1073, 145 LE2d 1060) (2000). Whether it regards a class of one or a class of thousands, an equal protection challenge without similarly situated classes must fail.

<u>Judgment affirmed. All the Justices concur</u>.